IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PAUL REIF and STEVEN BOEHM,

     Plaintiffs,

  v.            OPINION & ORDER

STATE OF WISCONSIN DEPARTMENT OF   16-cv-766-jdp
CORRECTIONS and DENISE SYMDON,

     Defendants.

---

Plaintiffs Paul Reif and Steven Boehm worked for the Wisconsin Department of Corrections (DOC) as absconder agents tasked with locating and apprehending parolees who violated the terms of parole. Over the past two decades, they have advocated to allow absconder agents to carry firearms on the job. They allege that defendants the DOC and Denise Symdon, the administrator of the DOC Division of Community Corrections, disciplined them in retaliation for their advocacy. They bring First Amendment claims under 42 U.S.C. § 1983 against the DOC and Symdon individually and in her official capacity. Dkt. 1. They seek judgment "that the defendants' retaliatory actions denied Reif and Boehm of their right to free speech," compensatory damages (including "reimbursement for all loss of wage and unnecessary use of sick leave"), and punitive damages. *Id.* at 10.

Defendants move for partial summary judgment dismissing all claims against the DOC and those against Symdon in her official capacity, arguing that only suits against state officials in their individual capacity may be brought under § 1983. Dkt. 15. Defendants style their motion as one for summary judgment, but they adduce no evidence and explain that the motion concerns "a strictly legal issue," Dkt. 16, at 2 n.1, that is, failure to state a claim, so it is properly

considered a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Smoke Shop, LLC v. United States*, 761 F.3d 779, 782 n.1 (7th Cir. 2014). Thus, the court will accept plaintiffs' factual allegations as true and draw all inferences from the facts in their favor. *Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016). Plaintiffs must allege sufficient facts to state a claim for relief that is plausible on its face. *Id.*

The Eleventh Amendment "bars actions in federal court against a state, state agencies, or state officials acting in their official capacities" unless the state waives immunity, Congress abrogates it, or the claim falls under the exception articulated by the Supreme Court in *Ex Parte Young*, 209 U.S. 123 (1908). *Ind. Prot. & Advocacy Servs. v. Ind. Family & Soc. Servs. Admin.*, 603 F.3d 365, 370–71 (7th Cir. 2010). Section 1983 allows for suits against "persons," but "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). "Official-capacity suits against state officials seeking prospective relief [i.e., injunctive relief against ongoing or anticipated violations] are permitted by § 1983, and under *Ex Parte Young*, they are not barred by the Eleventh Amendment." *Williams v. Wisconsin*, 336 F.3d 576, 581 (7th Cir. 2003) (citations omitted). Here, plaintiffs do not seek prospective relief, so their claims against the DOC and Symdon in her official capacity are barred.

Plaintiffs argue that their claims for "future wage and benefits losses" are claims for equitable relief that may be brought against state agencies and state officials in their official capacity, citing *Burkes v. Klauser*, 185 Wis. 2d 308, 517 N.W.2d 503 (1994). Dkt. 17, at 2. But *Burkes* makes clear that only claims for *prospective* equitable relief to end a continuing violation of federal law—that is, injunctive relief—are allowed. 517 N.W.2d at 522; *accord Green v. Mansour*, 474 U.S. 64, 68 (1985) ("*Young* also held that the Eleventh Amendment does not

prevent federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law. We have refused to extend the reasoning of *Young*, however, to claims for retrospective relief." (citation omitted)). Plaintiffs do not allege a continuing violation of federal law, nor do they explain how they intend to recover future wages—their complaint concerns only *past* lost wages. Plaintiffs' claims against the DOC and Symdon in her official capacity are barred by § 1983, so the court will grant defendants' motion.

ORDER

IT IS ORDERED that:

1. Defendants State of Wisconsin Department of Corrections and Denise Symdon's motion to dismiss claims against the State of Wisconsin Department of Corrections and Denise Symdon in her official capacity, Dkt. 15, is GRANTED.

2. Defendant State of Wisconsin Department of Corrections is DISMISSED from the case.

Entered December 1, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge